# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MICHELLE STRICKLAND,

        **Plaintiff,**

**v.**                                **Case No: 6:19-cv-205-Orl-31DCI**

KHALD A. AMER, NAPOLI PIZZA
AND NEW YORK OVEN, INC.,

        **Defendants.**

---

## REPORT AND RECOMMENDATION

    This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AFTER DEFAULT AS TO DEFENDANT KHALD A. AMER (Doc. 17)** |
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AFTER DEFAULT NAPOLI PIZZA AND NEW YORK OVEN, INC. (Doc. 18)** |
| **FILED:** | **July 3, 2019** |

**THEREON** it is **RECOMMENDED** that the motions be **DENIED without prejudice**.

## I.    Background

    Plaintiff Michelle Strickland (Plaintiff) filed this action against Defendants Khald A. Amer (Amer) and Napoli Pizza and New York Oven, Inc. (Napoli), alleging violations of Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181, *et seq*.  Doc. 1.

According to the allegations in the Complaint, which are taken as true due to the default, Plaintiff lives in Volusia County, Florida and uses a wheelchair for mobility due to cerebral palsy. *Id*. at 2.  Napoli is a Florida Corporation and authorized to conduct business in the State of Florida. *Id*.  Napoli is the lessee and/or operator of the real property at issue and the owner of the improvements.  *Id*.  Plaintiff also stated that Amer is the lessor, operator, and/or owner of the real property and the owner of the improvements.  *Id*. at 3. The property is "commonly referred to as Napoli Pizza" and is located in Daytona Beach, Florida.  *Id*.

Plaintiff alleged that she visited Napoli Pizza on August 24, 2018, but was denied full and equal access to, and the full and equal enjoyment of, the facility's services, goods, privileges, and accommodations "even though she would be classified as a 'bona fide patron,' because of her disabilities."  *Id*. at 2.  Plaintiff claimed that she has, therefore, suffered an injury in fact.  *Id*. at 5. Plaintiff provided a list of 28 violations under the ADA, and alleged "other current violations of the ADA" that may be identified "once a full inspection is done."  *Id*. at 6-9.

Plaintiff claimed that she is likely to be subjected to continuing discrimination at Napoli Pizza unless it is made readily accessible to and usable by individuals with disabilities to the extent required under the ADA, including the removal of the architectural barrier which remains at the property.  *Id*. at 5.

Plaintiff has filed motions for default judgment against each Defendant, and those motions are currently pending before the Court.  Docs. 17 and 18 (the Motions).  Through the Motions, Plaintiff seeks an Order enjoining Defendants from discriminating against individuals with disabilities, directing removal of the architectural barriers, and closing Napoli Pizza until "completion of all alternations necessary to make the premises accessible by individuals with disabilities and otherwise in compliance with the ADA."  *Id*.  Plaintiff requests that the Court retain

jurisdiction regarding the issue of fees, costs, and litigation expenses incurred in the matter. *Id.* Plaintiff does not specify the amount of fees and costs incurred. *See id.*

## II.      Standard of Review

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

*Twombly*, 550 U.S. at 556).  If a plaintiff fails to meet this pleading standard, then the plaintiff will not be entitled to default judgment.

### III.    Discussion

#### A.  Jurisdiction

Before entering default judgment, a court must ensure it has subject matter jurisdiction over the case.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) (courts have to ensure subject matter jurisdiction).  "District courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Here, Plaintiff alleged that Defendants violated the ADA.  Doc. 1.  Accordingly, the undersigned finds that subject matter jurisdiction is present.

#### B.  Clerk's Default

Plaintiff filed returns of service indicating that both Defendants were served on February 19, 2019.  Docs. 8, 9.  Defendant Amer was served personally and Defendant Napoli was served through its registered agent.  *Id.*  This was proper service under Florida law.  Thus, Defendants had 21 days from the date of service to respond to the Complaint.  Fed. R. Civ. P. 12(a)(1)(A)(i).  Defendants did not file answers or otherwise respond and the time for doing so elapsed.  As such, Clerk's defaults were entered on March 22, 2019.  Docs. 12, 13.  The undersigned finds that the Clerk properly entered the defaults.

#### C.  Standing

Standing "is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims."  *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (quotation omitted).  The Court is required to consider standing *sua sponte* even if the parties have not raised the issue, because the Court must ensure that it has jurisdiction over

the case before it rules on the merits of a party's claim.  *See AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1360 (11th Cir. 2007) (explaining that a court is required to *sua sponte* consider whether a party has standing to bring the case).

A plaintiff must establish the following elements in order to have standing: 1) an injury-in-fact; 2) a causal connection between the injury and defendant's conduct; and 3) that it is likely the injury will be redressed by a favorable ruling.  *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013).  A plaintiff seeking prospective, injunctive relief pursuant to Title III of the ADA must also plausibly show that the plaintiff will suffer disability discrimination by the defendant in the future.  *Id*.  This means that the threat of future injury must be a "real and immediate – as opposed to merely conjectural or hypothetical – threat of *future* injury."  *Id*.

Here, Plaintiff identified specific barriers at Napoli Pizza, the property at issue, and alleged that such barriers preclude her full access, use, and enjoyment of the property.  This Court has stated that such allegations establish a "cognizable interest for purposes of standing."  *Hoewisher v. Cedar Bend Club, Inc.*, 887 F.Supp.2d at 1222 (finding standing because the barriers listed in the amended complaint prohibited the plaintiff could not fully enjoy the defendant's facilities).  Further, Plaintiff has alleged sufficient facts showing causation between her injury and Defendants' conduct because the alleged injury occurred at Napoli Pizza, the location of the alleged discriminatory barriers.  *See Longhini v. J.U.T.A, Inc.*, 2018 WL 4101003, at *2 (M.D. Fla. Mar. 13, 2018).

Again, Plaintiff must also establish that her injury "will be addressed by a favorable decision."  *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013).  Where, as here, prospective injunctive relief is sought, the plaintiff must allege facts plausibly showing "a real and immediate threat of future injury."  *Id*. at 1329.  Courts have considered a number of

nonexclusive factors when analyzing a plaintiff's intent to return and likelihood of suffering future discrimination, including: 1) the proximity of the defendant's business to the plaintiff's residence; 2) the plaintiff's past patronage of the defendant's business; 3) the definiteness of the plaintiff's plan to return; and 4) the frequency of the plaintiff's travel near the defendant's business. *See id.* at 1327; *see also Hoewischer.* 877 F. Supp. 2d at 1222-23.

Plaintiff alleged that she lives within close proximity of Napoli Pizza (within 8 miles).  The undersigned finds that this factor weighs in her favor.  The undersigned finds that this is in close proximity to the property.  With regard to past patronage and frequency of travel, Plaintiff alleged that she visited Napoli Pizza on August 24, 2018 and travels to the surrounding areas near Napoli Pizza on a regular basis.  *Id.* at 2.  Plaintiff claimed that she visited Napoli Pizza "in the past, prior to filing this lawsuit, [and] resides near the property . . . ."  *Id.* at 5.  While Plaintiff has only specifically identified the August visit, the undersigned finds that the facts as alleged as to the second and fourth factors weigh in her favor.  *See Longhini*, 2018 WL 4101003, at *3 (finding that the plaintiff satisfied these factors with only the specific allegation that he visited the hotel from May 25-26, 2017 and frequents the area and hotel for pleasure.).

However, with respect to definitiveness of Plaintiff's plan to return to Napoli Pizza, she stated that she plans to return to the property "within six months, or sooner upon the subject facility being made accessible."  *Id.* at 5.  The Court has found similar statements insufficient to establish a definite plan to return to the premises.  *See Longhini*, 2018 WL 4101003, at *3 (finding that the plaintiff's allegation that he intended to return to the hotel within four months to be insufficient) (citing *Brito W. Vine St. LLP*, 2018 WL 3361809, at *1 (M.D. Fla. July 10, 2018) (finding the plaintiff's statements that he plans to return to and visit the hotel properties and businesses regularly if they become accessible and definitely planned to do so within four months was

insufficient.); *but see Hoewischer*, 877 F. Supp. 2d at 1223 (finding that the plaintiff's explicit plans to return to the subject property within one month of when the barriers are removed to be a sufficient assertion of his intention to return "at a specific point in time in the near future.") (citing *Ault v. Walt Disney World Co.*, 2008 WL 2047930, at *2 (M.D. Fla. May 13, 2008)).

While this last factor may weigh against standing, the undersigned finds that the allegations as a whole, taken as true, establish standing.

### D.  Liability

To state a cause of action for discrimination under Title III of the ADA, a plaintiff must allege that: "(1) [plaintiff] is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA." *Duldulao v. Kennedy Spa, LLC*, 2013 WL 2317729, at *2 (M.D. Fla. May 28, 2013) (citing 42 U.S.C. § 12182(a)).  Here, Plaintiff alleged that she is an individual with disabilities. Doc. 1 at 2.  Specifically, Plaintiff alleged that she uses a wheelchair for mobility due to cerebral palsy and is substantially limited to performing one or more major life activities, including walking, standing, grabbing, grasping, and/or pinching.  *Id.*

Plaintiff also alleged that Amer is the lessor, operator, and/or owner of Napoli Pizza, and the owner of the improvements "where the subject facilities are located which are the subjects of this action."  Doc. 1 at 3.  Plaintiff alleged that Napoli is the lessee and/or operator of the property, and the "owner of the improvements where the subject facility . . . ." *Id*. at 2.  Plaintiff alleged that Napoli Pizza is a place of public accommodation.  *Id*. at 9.  The undersigned finds these allegations sufficient to satisfy the first and second elements.

With respect to the third prong, as an initial matter, the Eleventh Circuit has stated that under the ADA, a different standard applies to pre-existing buildings than buildings constructed

on or after January 26, 1993.  *See Garthright-Dietrich v. Atl. Landmarks, Inc.*, 452 F.3d 1269, 1273 (11th Cir. 2006).

Here, Plaintiff has not specifically stated when the building was constructed.  Even so, she stated that "the subject facility has begun operations and/or undergone remodeling, repairs and/or alternations since January 26, 1990."  Doc. 1 at 4.  According to the Complaint, the subject facility is located at 301 N. Atlantic Avenue, in Daytona Beach, Florida, is an establishment commonly referred to as Napoli Pizza, and is the subject of this action.  *Id.* at 2.  The undersigned finds that these allegations sufficiently apprise the Court that the property was in existence before 1993.

However, under this standard, Plaintiff has failed to state a claim. If the building is a pre-existing building, then discrimination under the ADA is a "failure to remove architectural barriers . . . where such removal is readily achievable."  42 U.S.C. § 12182(b)(2)(A)(iv).  "where removal is not 'readily achievable,' failure of the entity to make goods, services and facilities 'available through alternative methods if such methods are readily achievable,' may constitute discrimination under the ADA."  *Garthright-Dietrich*, 452 F.3d at 1273 (citing 42 U.S.C. § 12182(b)(2)(A)(v)).  The ADA has provided guidance on what is "readily achievable":

> The term "readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense. In determining whether an action is readily achievable, factors to be considered include--
>
> (A) the nature and cost of the action needed under this chapter;
>
> (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;
>
> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
>
> (D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the

geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9).

While Plaintiff included a lengthy list of violations under the ADA, she did not provide in the Complaint or Motions sufficient facts to show that the removal of the barriers is "readily achievable." Plaintiff simply stated that the removal is "readily achievable" (Docs. 1 at 5; 17 at 2, 6; 18 at 2, 6) but failed to plead any facts or make a showing to support a conclusion that the violations can be rectified pursuant to the law. The undersigned finds that Plaintiff's conclusory statement is not enough to state a claim. *Brito*, 2018 U.S. Dist. LEXIS 114358, at *11-12 (finding that the plaintiff failed to plead or show that the violations could be rectified by alternations that are easily accomplishable and able to be carried out without much difficulty or expense.); *see also Hoewisher*, 2012 WL 139319, at *3-4 ("Because barrier removal requirements do not apply where removal is not 'readily achievable,' plaintiff has failed to state a claim for which relief may be granted.").

**E. Relief**

In the Complaint, Plaintiff requests that the Court declare that the property owned, operated, leased, controlled and/or administered by Defendants is violative of the ADA. Plaintiff requests that the Court require Defendants to alter their facilities and amenities to make them accessible to, and usable by, individuals with disabilities to the full extent required by Title III of the ADA. Doc. 1 at 10. Plaintiff also requests that the Court direct Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to Napoli Pizza. *Id*.

In the Motions, Plaintiff requests that the Court: enjoin Defendants from discriminating against individuals with disabilities; order Defendants to remove the architectural barriers under the ADA; close the property until completion of all alterations necessary to make the premises accessible by individuals with disabilities and otherwise in compliance with the ADA; and retain jurisdiction regarding the issue of Plaintiff's attorney's fees, costs, expert fees, and litigation expenses incurred in this action.  Docs.17 at 9-10; 18 at 9.

First, the undersigned finds that the relief is inappropriate because Plaintiff has not addressed how removal of the barriers is readily achievable as discussed in this Report.  Second, courts have denied motions for default judgment under the ADA when the plaintiff requests broad and non-specific injunctive relief.  *See e.g. Kennedy v. Bindi, Inc.*, 2018 U.S. Dist. LEXIS, at 15-16 (M.D. Fla. Apr. 26, 2018), *rep. and recommendation adopted by* 2018 U.S. Dist. 80415 (May 14, 2018) (denying motion for default judgment because the plaintiff "expressly requests a broad, non-specific injunction. . .").

"Pursuant to Rule 65, every injunction must 'state its terms specifically' and 'describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.'"  *Access for the Disabled*, 2010 WL 2889823, at *1 (citing Fed. R. Civ. P. 65(d)(1)).  Plaintiff's broad request to enjoin Defendants from discriminating against individuals with disabilities and closing the property until completion of all alterations is not appropriate, and Plaintiff provides no law in support of the request.  The "Court simply cannot enjoin a party 'from discriminating against individuals with disabilities' and order compliance with 'all sections' of the ADA."  *Access for the Disabled*, 2010 WL 2889823, at *1 ("To be entitled to injunctive relief, Plaintiffs must, at a minimum, specifically identify each architectural barrier that they contend violates the ADA (or its relevant implementing regulations) and offer some evidence as to why

the removal of same is readily achievable and beneficial to Plaintiffs.").  Therefore, even if Plaintiff

was entitled to default judgment, the undersigned finds that she is not entitled to the injunctive

relief she requests in the Motions.

In light of the foregoing, the undersigned finds that Plaintiff's request to retain jurisdiction

on the issue of attorney's fees and costs is due to be denied.

## IV.    CONCLUSION

Accordingly, it is **RECOMMENDED** that:

1.  The Motions (Docs. 17, 18) be **DENIED without prejudice**, and

2.  Plaintiff be granted leave to file amended motions for default judgment, if she so
    chooses, and given a deadline to file such motions.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and

Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R.

3-1.

Recommended in Orlando, Florida on October 30, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy